McAvoy, Respondent, vs. Franklin, Appellant.

*May 3—June 1, 1911.*

*Vendor and purchaser of land: Legal title: Relation: Inuring to grantee of purchaser: Ejectment: Judgment.*

1. The legal title which the purchaser of land receives upon full performance of the contract of purchase relates back to the date of such contract, and such relation inures to the benefit of any grantee to whom such purchaser has in the meantime conveyed any part of the land, even though such conveyance was by quitclaim deed only.
2. Judgment in ejectment should be as provided in the statutes; and there is no authority for the inclusion therein of an adjudication as to plaintiff's duty with respect to fences or gates or as to his responsibility for damages resulting from leaving a gate open.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Ejectment brought to recover possession of a strip of land one rod wide and twenty-eight rods long running across a ten-acre tract of land, and used by the plaintiff as a private road up to June 3, 1910, when a fence was built around the ten-acre tract by the defendant, and plaintiff claims that he was dispossessed. Both parties claim title under Jannett Frost; plaintiff under a quitclaim deed of the strip from said Jannett Frost and husband, delivered and recorded December 20, 1901, and the defendant under a warranty deed from one Barber (grantee of Jannett Frost), dated August 26, 1907, conveying forty acres of land, including the ten-acre tract aforesaid, and making no exception of the strip deeded to the plaintiff. The plaintiff's deed contained a provision that plaintiff should build and maintain a legal fence on both sides of the strip, if required by the grantors, and in case of failure so to do that the land should revert. At the time plaintiff's deed was given Jannett Frost had no legal title, but only a

contract for the conveyance of the forty-acre tract, on which she had paid about one half of the consideration. Subsequently and before deeding the forty acres to defendant's grantor she fully performed her contract and obtained a deed.

Trial by jury was waived and the action was tried by the court. Among other things the court found that ever since plaintiff's conveyance and up to about June 3, 1910, the plaintiff had used and occupied the strip in question as a private way; that on or about the last named date the defendant fenced it up and has withheld possession of the strip from the plaintiff ever since. As conclusions of law the court found that the plaintiff was the legal owner of the strip and entitled to the possession thereof, and that the same was unlawfully withheld from the plaintiff; that the land was purchased for a highway, and that plaintiff was entitled to recover the same for a highway, with six cents damages for the unlawful withholding thereof. Judgment was entered adjudging that the plaintiff was the owner and entitled to the possession of the strip, that the same was unlawfully withheld by the defendant, and that the plaintiff recover his damages and costs; and further:

"That it is the duty of said plaintiff to fence said tract on both sides or to place a gate there at the end near the public highway, so that he can travel in and out, and that in case said gate be erected the plaintiff will be responsible for any damages that may occur to the defendant or his assigns by reason of said gate being left open."

From this judgment the defendant appeals.

For the appellant the cause was submitted on the brief of *A. C. Vaughan.* He cited, among other authorities, 1 Cyc. 1098; *O'Niel v. Wm. B. H. Kerr Co.* 124 Wis. 234, 102 N. W. 573; 13 Cyc. 653, 654.

*P. L. Lincoln,* for the respondent.

WINSLOW, C. J. The evidence tending to show that the defendant fenced up the strip or dispossessed the plaintiff was

somewhat weak, but the finding cannot be said to be against the clear preponderance of the evidence and hence it must stand.

The other questions in the case are purely legal and present no serious difficulties. Both parties claimed title under Jannett Frost, hence it was unnecessary to go any further back than Mrs. Frost in proving title. It is true that she had only the equitable title when she made her deed to the plaintiff, but when she subsequently fully performed her contract of purchase and received the legal title such title related back to the date of the contract (*Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 120 N. W. 277), and such relation would, of course, inure to the benefit of any grantee to whom she had in the meantime conveyed any part of the land. So the plaintiff had good legal title to his strip before the defendant's purchase, and, his deed being duly recorded at the time of defendant's purchase, the latter cannot claim to be an innocent purchaser without notice of the plaintiff's rights.

The plaintiff, therefore, was clearly entitled to recover on the ground that he was the owner in fee of the strip (subject to the performance of a condition subsequent, if required) and that the same was unlawfully withheld by the defendant.

The last clause of the judgment which sets forth the duties and liabilities of the plaintiff with regard to fencing and gates is clearly not warranted by the ejectment statute. At this point the trial judge, deprecating the existence of this quarrel between neighbors, evidently attempted to frame a judgment, not according to the statute governing such actions, but based on what seemed to him the duties which one good neighbor owes to another. The attempt clearly demonstrates the kindly heart of the trial judge, but it certainly cannot be approved. The statutes provide what the verdict or findings and judgment shall contain in ejectment actions, and they do not cover any provisions of this kind. Were these provisions

at all prejudicial to the appellant, it would be necessary to reverse this part of the judgment; but they are not.   On the contrary they are clearly to his benefit, and he cannot be heard to complain of them.

   *By the Court.*—Judgment affirmed.